UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR SANTAMARIA MUNIZ, CDCR # AA-4341,<br><br>Plaintiff,<br><br>v.<br><br>D. PARAMO and J. CUEVAS,<br><br>Defendants. | Case No.: 3:19-cv-02051-BAS-BGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

Plaintiff Cesar Santamaria Muniz, a prisoner at Salinas Valley State Prison in Soledad, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. Section 1983 alleging that during prison disciplinary proceedings that occurred while Plaintiff was housed at the Richard J. Donovan Correctional Facility in San Diego, California, Warden D. Paramo and Lieutenant J. Cuevas (collectively, "Defendants") violated his Fifth and Fourteenth Amendment rights. (*See* "Compl.," ECF No. 1.)

**I.   Procedural History**

On December 30, 2019, the Court granted Plaintiff leave to proceed in forma pauperis but dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. Sections 1915(e)(2)(B)(ii) and 1915A(b)(1). (*See* ECF

No. 3, at 13–14.)  The Court advised Plaintiff of the deficiencies in his Complaint and granted him 45 days leave in which to file an amended complaint that fixed them.  (*See id.* at 14.)  He was cautioned: "[i]f Plaintiff fails to file an Amended Complaint **on or before February 13, 2020**, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted . . . and his failure to prosecute in compliance with a court order requiring amendment." (*Id.* at 14 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."))).

More than two months have passed since February 13, 2020 and Plaintiff has not filed an amended complaint or requested an extension of time in which to do so.  "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which Section 1983 relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1), and his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) in compliance with the Court's December 30, 2019 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

**DATED: April 20, 2020**

Hon. Cynthia Bashant
United States District Judge